Davy Pettigrew
1912 1st Avenue Apt 612
New York NY 10029
(917)-530-5707
Plushrealty1@gmail.com

### THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Davy Pettigrew**<br>        **Claimant,**<br><br>v.<br><br>**RADIUS GLOBAL SOLUTIONS LLC**<br>        **Respondent** | )<br>)<br>)<br>) Case No.<br>)<br>) Jury Trial    Yes ✓    No<br>)<br>)<br>) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is a civil action for actual, punitive, statutory damages, and costs brought by Davy Pettigrew (hereinafter, "Plaintiff"), an individual consumer, against the defendant, RADIUS GLOBAL SOLUTIONS LLC (hereinafter, "Defendant"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

(hereinafter "FDCPA"), and New York General Business Law § 349 (hereinafter "GBL § 349").

## BASIS OF JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C § 1681(p), and 28 U.S. C § 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff claim occurred in this judicial district.

## PARTIES

3. Claimant, Davy Pettigrew (hereinafter "Plaintiff" ) is a resident of New York County in the state of New York state, a natural person, and a consumer as defined in 15 U.S.C § 1681a(c).

4. Upon information and belief, RADIUS GLOBAL SOLUTIONS, LLC (hereinafter "Defendant" )  is a Minnesota corporation. Service of process for defendant is CT Corporation System 711 Capitol Way S STE 204, Olympia, Washington 98501.

5. Defendant is "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

## RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS

6. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

7. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

8. Congress recognized that there are four social ills caused by abusive debt collection: (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4)

Invasions of individual privacy. Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

9. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

   A. There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy.**

   B. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   C. Means other than **misrepresentation** or other **abusive debt collection practices** are available for the effective collection of debts.

   D. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   E. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

(Emphasis added).

## BACKGROUND

## THE FCRA

1. The FCRA was enacted by Congress to promote the accuracy and fairness of

   credit reporting and that:

   (1) The banking system is dependent upon fair and accurate credit reporting.

   Inaccurate credit reports directly impair the efficiency of the banking system, and unfair

   credit reporting methods undermine public confidence which is essential to the continued

functioning of the banking system.

(2) An elaborate mechanism has been developed for investigating and evaluating the creditworthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's

## FACTS OF THE ALLEGATIONS

10. On or around October 24th, 2024, the Plaintiff reviewed his Transunion consumer report #453971574.

11. In the report the Plaintiff observed an unauthorized inquiry from the Defendant.

12. The Defendant's unauthorized inquiry was made on December 10, 2022, See Exhibit A.

13. Plaintiff never had an account with the defendant.

14. Plaintiff never entered into a contract with the Defendant.

15. Plaintiff never gave any consent to Defendant to access his consumer report.

16. Plaintiff has the right to be free of deceptive, misleading collection attempts.

17. Plaintiff has the right to privacy from the defendant from unauthorized access of personal identifiable information in his consumer report.

### *Plaintiffs Damages*

18. Plaintiff's injury is "particularized" and "actual" because the conduct that deprived Plaintiff of his rights was directed by Defendant to the Plaintiff specifically.

19. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered

emotional distress from the Defendant's unauthorized access of his credit report.

20. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered an invasion of his privacy. This intrusion into the Plaintiff's personal information has caused a feeling of vulnerability, worry and anxiety which lead to sleeplessness and headaches.

21. Plaintiff suffers from hypertension, and the Defendant's actions have exacerbated this condition. The emotional distress caused by Defendant's unlawful conduct has led to increased stress, which has directly contributed to elevated blood pressure levels. As a result, Plaintiff's hypertension has worsened, causing physical discomfort and an overall deterioration in Plaintiff's health. The Defendant's actions have directly impacted Plaintiff's well-being, leading to further harm.

22. Plaintiff's injury is both "particularized" and "actual" as the Plaintiff has incurred a loss of time due to research and learning necessitated by the defendant's invasion of privacy.

23. Plaintiff's injury is directly traceable to defendant's conduct because if it weren't for the defendant's conduct, Plaintiff would not have been deprived of his rights and would not have been subject to the emotional distress, anxiety, worry and invasion of privacy caused by the defendant's actions.

24. Defendant's conduct as described in this complaint was willful, with the purpose to either harm the Plaintiff or with reckless disregard for the harm to Plaintiff that could result from defendant's conduct.

25. Plaintiff justifiably fears that, absent this court's intervention, the defendant will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect alleged debts and invade the plaintiff's privacy by continuing to access the

plaintiff's information without permissible purpose.

26. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

27. A favorable decision herein would redress Plaintiff's injury with money damages.

28. A favorable decision herein would serve to deter Defendant from further similar conduct.

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq

29. All preceding paragraphs are re-alleged.

30. The Debt Collector has violated 15 U.S.C. § 1681(b)(f) permissible purpose.

31. The Defendant violations include but are not limited to the following:
    a. The Defendant violated 15 U.S.C § 1681b(f) by failing to have permissible purpose to obtain Plaintiff's consumer report pursuant to 15 U.S.C § 1681b.

    b. Defendant did not have a court order to obtain Plaintiff consumer report.

    c. Plaintiff never gave written permission for the Defendant to obtain his consumer report.

    d. Plaintiff does not have an account, which is defined under and has the same meaning under the Electronic Funds Transfer Act 15 U.S.C § 1693a (2), with Defendant.

    e. Pursuant to the Electronic Funds Transfer Act 15 U.S.C § 1693a the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602) [1] of this title), as described in regulations of the Bureau, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

    f. Defendant does not have an account with the Plaintiff according to the definition above.

32. As a result of this conduct, Plaintiff suffered damage from invasion of privacy which led

to anxiety, emotional distress, loss of time, fear and loss of sleep.

33. As a result of the defendant's violations of the Fair Credit Reporting Act, the Defendant is liable under 15 U.S.C § 1681n(a)(1)(B) for damages of $1000 per violation and 15 U.S.C § 1681n(a)(2).

## COUNT II
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW
## (GBL) § 349 et seq

34. All preceding paragraphs are re-alleged.

35. The Defendant engaged in deceptive acts and practices in the conduct of business by accessing the Plaintiff's consumer report without a permissible purpose, in violation of New York General Business Law § 349.

36. The Defendant's violations include, but are not limited to, the following:

    A. The Defendant misrepresented or implied that it had a legitimate purpose to obtain the Plaintiff's consumer report, despite having no established business relationship, contractual obligation, or legal justification for such access.
    B. The Defendant's actions were misleading to a reasonable consumer and violated the standard of transparency and fairness expected under New York law.
    C. By accessing the Plaintiff's consumer report under false pretenses or without proper authorization, the Defendant engaged in conduct that was deceptive and injurious to the Plaintiff.
    D. The Defendant's actions were willful and knowing, further demonstrating a disregard for the rights of New York consumers and the obligations imposed under GBL § 349.

37. As a direct and proximate result of the Defendant's deceptive and misleading conduct, the Plaintiff suffered actual damages, including emotional distress, invasion of privacy, and loss of time.

38. The Defendant's actions caused harm to the Plaintiff and constituted consumer-oriented conduct, as they were part of a recurring practice affecting the broader public interest in ensuring fair treatment and privacy protection under consumer law.

39. Pursuant to GBL § 349(h), the Plaintiff is entitled to recover actual damages, statutory damages of $50 or greater, treble damages up to $1,000 for willful or knowing violations, reasonable attorney's fees, and other relief deemed appropriate by the court.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq

40. All preceding paragraphs are re-alleged.

41. The Defendant violated 15 U.S.C. § 1692e by engaging in false, deceptive, or misleading representations in connection with the collection of a debt, including using false pretenses to access the Plaintiff's consumer report.

42. The Defendant's violations include, but are not limited to, the following:

    A. The Defendant misrepresented or implied that it had a legitimate purpose for accessing the Plaintiff's consumer report, despite having no established business relationship, contractual obligation, or legal justification for such access.

    B. The Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt. By accessing the Plaintiff's consumer report under false pretenses, the Defendant engaged in deceptive conduct in an attempt to collect or further a debt collection effort, despite lacking the legal justification to do so.

    C. The Defendant also violated 15 U.S.C. § 1692f by using unfair practices, including accessing the Plaintiff's private credit information without any permissible purpose. This conduct was unfair as it involved the unauthorized and unjustified use of the Plaintiff's consumer report, which is prohibited under the FDCPA.

    D. The Defendant's actions constitute an unfair means of collecting or attempting to collect a debt by accessing the Plaintiff's consumer report without a legitimate reason or prior permission, thus violating the provisions of Section 1692f.

    E. The Defendant's actions were willful and knowing, further demonstrating a disregard for the Plaintiff's rights and the protections under the FDCPA.

43. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered actual damages, including emotional distress, mental anguish, loss of time, and invasion of privacy.

44. The Plaintiff is entitled to statutory and actual damages, as outlined in 15 U.S.C. §§

1692k(a)(1) and 1692a(2)(A), as well as reasonable attorney's fees and any other relief deemed appropriate by the court.

## **JURY DEMAND AND PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff Davy Pettigrew, respectfully demands a jury trial and requests that judgment be entered in favor of the Plaintiff against the Defendant for:**

**(a) Violating the Fair Credit Reporting Act.**

**(b) Damages pursuant to 15 U.S.C § 1681n(a)(1)(B) of $1000 per violation.**

**(c) Punitive damages as the court may allow pursuant to 15 U.S.C § 1681n(a)(2) and for such other**

**and further relief as the court may deem just and proper.**

**(d) Violating the Fair Debt Collection Practices Act (FDCPA) and New York General Business**

**Law § 349**

**(e) Damages pursuant to 15 U.S.C. § 1692k of up to $1,000 for each violation of the FDCPA**

**(f) Damages pursuant to N.Y . Gen. Bus. Law § 349(h) of up to $1,000 per violation**

**(g) Punitive damages as the court may allow and for such other and further relief as the court may**

**deem just and proper.Respectfully submitted,**

## CERTIFICATION AND CLOSING

**Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

_____
                    Signature

# Exhibit A

**RADIUS GLOBAL SOLUTIONS**

Location
9550 REGENCY SQUARE BLVD
SUITE 602
JACKSONVILLE, FL 32225

Requested On
12/10/2022

Phone
(888) 904-1800